NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**OLIVER C. GEBHART,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7067

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1682, Chief Judge William P. Greene, Jr.

---

## ON MOTION

---

Before LINN, DYK, and PROST, *Circuit Judges.*

PER CURIAM

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss Oliver C. Gebhart's appeal in this case, or in the alternative, moves to summarily affirm the judgment of the United States

Court of Appeals for Veterans Claims. Gebhart moves to consolidate this appeal with 2010-7050. The Secretary opposes.

The United States Court of Appeals for Veterans Claims dismissed Gebhart's appeal for lack of jurisdiction. Specifically the court determined that Gebhart failed to provide any evidence that he was appealing a final decision of the Board of Veterans' Appeals decision. Gebhart filed an appeal with this court seeking review of that decision.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

In his informal brief, Gebhart appears to only make various arguments regarding his medical condition. However, because the Court of Appeals for Veterans Claims dismissed Gebhart's appeal in that court for lack of jurisdiction and did not address the merits of his claim, these arguments are not before us. To the extent that Gebhart seeks to challenge whether the Court of Appeals for Veterans Claims correctly determined that it lacked jurisdiction over his appeal, we summarily affirm. When the Board has not rendered a final and appealable decision on a particular matter, the Court of Appeals for

Veterans Claims has no jurisdiction to consider any appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to dismiss is denied.

(2) The Secretary's motion to summarily affirm is granted.

(3) Gebhart's motion to consolidate is denied as moot.

(4) Each side shall bear its own costs.

(5) All pending motions are moot.

FOR THE COURT

__OCT 2 6 2010__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Oliver C. Gebhart
    Delisa M. Sanchez, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

OCT 2 6 2010

JAN HORBALY
CLERK